**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**REPUBLIC INSURANCE COMPANY,**
**Defendant-Appellee.**

**No. 84–5455.**

United States Court of Appeals,
Sixth Circuit.

Argued July 31, 1985.

Decided Oct. 24, 1985.

---

W. Hickman Ewing, Jr., U.S. Atty., Robert M. Williams, Jr., Alice Howze (argued), Memphis, Tenn., for plaintiff-appellant.

James D. Causey, J. Harold Ellis (argued), Memphis, Tenn., for defendant-appellee.

Before KENNEDY, JONES and MILBURN, Circuit Judges.

MILBURN, Circuit Judge.

In this appeal, we are asked to decide whether the six (6) year statute of limitations contained in 28 U.S.C. § 2415(a) applicable to the United States can abrogate a contractual one (1) year limitation of actions provision in a private contract of fire insurance under which the United States claims to have subrogation rights. We answer this question in the negative.

Plaintiff, the United States of America for the Veterans Administration ("VA"), appeals the judgment for the defendant-appellee, Republic Insurance Company ("Republic") in this action for damages under an insurance contract. The district court held that the action, brought by the United States over twenty (20) months after liability was denied by Republic, was barred by the one-year limitation of action clause contained in the insurance contract. On appeal the United States argues that it cannot be bound by the contractual limitations period and that the governing period of limitations is the six-year statute of limitations contained in 28 U.S.C. § 2415(a). For the reasons that follow, the judgment of the district court is affirmed.

## I.

In February of 1977, veteran Leslie Taylor obtained a loan from Franklin Society Federal Savings & Loan ("Franklin") in order to purchase a residence. This loan was secured by deed of trust and guaranteed and insured by the VA. Taylor subsequently obtained a hazard insurance policy from Republic covering the risk of fire damage to the residence. This policy was renewed from year to year, the last renewal period being February 8, 1979, through February 8, 1980. The last renewal reflected that Franklin, through its agent, Realty Mortgage Co. ("Realty"), was the insured mortgagee.

In the summer of 1979, Taylor defaulted on his mortgage payments and foreclosure proceedings were initiated by Realty on behalf of Franklin. On October 17, 1979, the foreclosure sale occurred, and Franklin as the successful bidder obtained a deed to

the property. On October 23, 1979, Realty sent a letter to the VA stating that Franklin was the successful bidder at the foreclosure sale and that Franklin had elected to convey the property to the VA.

On November 1, 1979, Franklin executed a warranty deed to the VA. The district court found that the deed, although executed by Franklin on November 1, 1979, was not mailed to the VA until November 15, 1979, and not received until November 20, 1979. Meanwhile, on November 1, 1979, Republic mailed a refund on premium check of Nineteen Dollars ($19.00) and informed the VA that the insurance policy on the property was being cancelled.

On November 6, 1979, the house sustained Seventeen Thousand Dollars ($17,-000) in fire damage. Within a few days, the VA submitted a claim. Republic, however, denied the claim taking the position that the named insured had no insurable interest at the time of the fire, the named mortgagee had no loss as it had assigned to the VA, and the VA was not named mortgagee and was not endorsed as named mortgagee. The VA was informed of this denial on February 6, 1980. At the request of the VA, the claim was resubmitted by Franklin and Realty, the named mortgagees, but again was denied by Republic. The VA was informed of this denial in a letter dated April 16, 1980.

The United States filed this action on December 4, 1981, approximately twenty (20) months after the second denial by Republic. The district court held that under Tennessee law title to the property at the time of the fire remained in Franklin and, therefore, Republic should have paid on the Franklin-Realty claim. The district court further held that the VA, as an insuror of loans, became subrogated to the rights of Franklin and Realty. Finally, however, the district court held that the VA's action was barred by the one-year time limitation in Republic's policy which provides:

> Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy

have been complied with, and unless commenced within twelve months next after inception of the loss.

## II.

In this action brought under 28 U.S.C. § 1345 (United States as plaintiff) the question is whether the contractual limitation clause is enforceable. In answering this question, we must first determine whether there is an applicable federal rule. If there is a federal rule it must, of course, be applied. However, in the absence of either a controlling federal rule or "some federal interest sufficient to justify the application of independent federal standards," state law should be applied. 19 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 4515, at 275 (1982); *see also Industrial Indemnity Insurance Co. v. United States*, 757 F.2d 982, 985 (9th Cir. 1985). This is true even though the United States is a party, *see United States v. Yazell*, 382 U.S. 341, 86 S.Ct. 500, 15 L.Ed.2d 404 (1966), and the action was brought in district court pursuant to 28 U.S.C. § 1345. *Maternally Yours, Inc. v. Your Maternity Shop, Inc.*, 234 F.2d 538, 540 n. 1 (2d Cir.1956) ("[it] is the *source* of the right sued upon, and not the ground on which federal jurisdiction over the case is founded, which determines the governing law.") (emphasis in original), *quoted in* 19 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 4515, at 275. With this background, we turn to the arguments in the instant case.

The government argues that when the United States obtains a claim by subrogation, that claim cannot be barred by a period of limitation of action created by a contract to which it was not a party. On one side of the issue there is a line of authority holding that the United States is bound by limitation of action clauses included in contracts to which the United States is a party. *United States v. Eastern Air Lines, Inc.*, 366 F.2d 316, 320 (2d Cir.1966); *United States v. Chicago R.I. & P.R. Co.*, 200 F.2d 263, 264 (5th Cir.1952); *United States v. Seaboard Air Line Ry. Co.*, 22 F.2d 113,

115 (4th Cir.1927); *United States v. Framen Steel Supply Co.,* 435 F.Supp. 681, 683–84 (S.D.N.Y.1977). The reason for this rule lies in the recognition that "[c]ertain officers of the government are vested with the power to make contracts for the government on the most advantageous terms and conditions available [and] might logically make concessions concerning the period of limitations in order to obtain desirable terms on other elements of the transaction." *United States v. Gulf Puerto Rico Lines, Inc.,* 492 F.2d 1249, 1251–52 (1st Cir.1974).

On the other side of the issue there is a line of authority, relied upon by the government, holding that "the United States is not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights." *United States v. Summerlin,* 310 U.S. 414, 416, 60 S.Ct. 1019, 1020, 84 L.Ed. 1283 (1940); *see also United States v. Weintraub,* 613 F.2d 612, 619 (6th Cir.1979), *cert. denied,* 447 U.S. 905, 100 S.Ct. 2987, 64 L.Ed.2d 854 (1980). There are two apparent reasons for this rule. First, as was stated by the Supreme Court in *Guaranty Trust Co. of New York v. United States,* 304 U.S. 126, 132, 58 S.Ct. 785, 788, 82 L.Ed. 1224 (1938) (quoting *United States v. Hoar,* 26 F.Cas. 329, 330 (No. 15373)): "The true reason ... is to be found in the great public policy of preserving the public rights, revenues, and property from injury and loss, by the negligence of public officers." Second, as the *Summerlin* Court noted: "When the United States becomes entitled to a claim, acting in its governmental capacity and asserts its claim in that right, it cannot be deemed to have abdicated its governmental authority so as to become subject to a state statute putting a time limit upon enforcement." 310 U.S. at 417, 60 S.Ct. at 1020.

The United States further notes that the above rule is equally applicable where the government's claim is acquired through subrogation. *United States v. Sellers,* 487 F.2d 1268, 1269 (5th Cir.1973). Thus, the government argues that it is not bound by any period of limitation except the six-year

statute of limitations imposed by Congress. 28 U.S.C. § 2415(a).

However, neither of the above lines of authority are controlling in the instant case. The limitation period at issue was not included in a contract to which the government was a party nor was it imposed by another sovereign. Rather, the issue now before the court is whether the government, after acquiring a contractual claim through subrogation, can enforce rights under the contract, while at the same time, avoid conditions imposed by the same writing.

█ Since there is no federal rule applicable, we must next determine whether there is a federal interest sufficient to justify the fashioning of one. The government's interest in invalidating the limitation clause lies in the protection of government revenues from loss resulting from the negligence of public officers. There can be no question that, standing alone, this is a substantial federal interest. Offsetting this interest, however, is the federal interest in preserving the integrity of contracts. Indeed, the line of cases holding the government to contractual limitations of action clauses may be read as giving less weight to the interest in protecting public revenues than to the preservation of the integrity of contracts.

Moreover, these federal interests must be weighed against the state's interests in "preservation of its control over local interests." *United States v. California,* 655 F.2d 914, 917 (9th Cir.1980) (quoting *Georgia Power Co. v. 54.20 Acres of Land,* 563 F.2d 1178, 1189 (5th Cir.1977) (applying a balancing test to a determination of whether state law should be *adopted* as a federal rule of decision rather than, as here, *applied* by its own force), *cert. denied,* 440 U.S. 907, 99 S.Ct. 1213, 59 L.Ed.2d 454 (1979)). *See also United States v. Yazell,* 382 U.S. 341, 86 S.Ct. 500, 15 L.Ed.2d 404 (1966). As has been noted by the Ninth Circuit "there is no significant threat to federal interests posed by the interpretation of insurance contracts between private parties pursuant to state law." *Industrial*

*Indemnity Insurance Co. v. United States,* 757 F.2d 982, 985 (9th Cir.1985). Absent a significant threat to federal interests, and in view of the federal as well as state interests in preserving the integrity of contracts, we see no reason to fashion a federal rule and, instead, turn to state law.

■ Since the district court below was sitting in the Western District of Tennessee, it is the law of Tennessee which must be applied. The rule in Tennessee is that " '[i]n the absence of a manifestation of contrary intention, the parties are presumed to have contracted pursuant to the laws of the state in which the contract was entered into. *Deaton v. Vise,* 186 Tenn. 364, 210 S.W.2d 665 (1948).' " *Moody v. Kirkpatrick,* 234 F.Supp. 537, 540 (M.D. Tenn.1964) *quoted in Boatland, Inc. v. Brunswick Corp.,* 558 F.2d 818, 821 (6th Cir.1977). In Tennessee, limitation of action clauses have long been upheld as long as "a reasonable period of time is provided [for bringing suit]." *State v. Evans,* 47 Tenn.App. 1, 334 S.W.2d 337, 342 (1959), *cert. denied,* 334 S.W.2d 337 (Tenn.1960); *see also, Webb v. Insurance Co. of North America,* 581 F.Supp. 244, 250 (W.D.Tenn. 1984); *Moorman v. Interstate Life & Accident Co.,* 173 Tenn. 549, 121 S.W.2d 562 (1938); *Guthrie v. Connecticut Indemnity Ass'n,* 101 Tenn. 643, 49 S.W. 829, 830 (1899); *Hill v. Home Insurance Co.,* 22 Tenn.App. 635, 125 S.W.2d 189, 192 (1938). The government has not argued that the one-year limitation was not a reasonable period. Thus, we hold that the one-year contractual limitation of action clause bars the present claim.

Republic argues two other possible grounds for affirming the dismissal of the government's claim. First, Republic argues that under Tennessee law title to the property had passed to the VA and that Franklin and Realty had no interest to protect at the time of the fire. Second, Republic argues that the policy was not assigned to the VA and, similarly, that the VA was not subrogated to the Franklin/Realty claim. Since we resolve the case based on the contractual limitation issue, we do not reach these issues of state law.

### III.

In the instant case, there being no federal rule requiring a contrary result, the law of Tennessee will be applied. Under Tennessee law the claim of the United States is barred by the contractual limitation of action clause in Republic's insurance policy. Accordingly, the judgment of the district court is AFFIRMED.