**FSLIC, As Receiver for Northlake Federal Savings and Loan Association**

v.

**Mildred M. LANDRY, et. al.**

**Civ. A. No. 88–2252.**

United States District Court,
E.D. Louisiana.

Dec. 22, 1988.

Ryan & Willeford, John H. Ryan, Trial Atty., James F. Willeford, Gordon P. Serou, Jr., New Orleans, La., Federal Home Loan Bank Bd., Rodney Solenberger, Trial Atty., Office of Gen. Counsel, Washington, D.C., for FSLIC.

Dan A. Smetherman, New Orleans, La., for Leddy Trust A, Leddy Trust B.

Landwehr & Hof, Ronald J. Hof, Merrill T. Landwehr, New Orleans, La., for Mildred M. Landry, John A. Leddy.

### ORDER AND REASONS

FELDMAN, District Judge.

Plaintiff, Federal Savings & Loan Insurance Corporation, as Receiver for Northlake Federal Savings and Loan Association moves for summary judgment. Defendants, Mildred M. Landry, wife of/and John A. Leddy, Leddy Trust A, and Leddy Trust B have filed a cross-motion for summary judgment in response. Plaintiff's Motion is GRANTED. Defendants' Motion is DENIED.

These motions focus attention on a novel and interesting question of law: the nature

of peremption and prescription, and the extent to which a state statute may be used to time-bar a federally asserted cause of action created by state law.

Plaintiff has filed this motion for summary judgment to revoke a donation made by defendants to two trusts. Defendants' cross-motion for summary judgment asserts that plaintiff's revocatory action has been perempted and can no longer be asserted. The facts are not in dispute.

On May 26, 1985, John Alvah Leddy and his wife, Mildred, donated some real estate located at 7611 Crestmont Road in New Orleans to two trusts they established on that same day (the "Leddy Trust A" and "Leddy Trust B"). At the time of the donation, Mr. and Mrs. Leddy owed Northlake Federal Savings and Loan Association $9,592,259.75 by virtue of a $10,200,000 promissory note Mr. Leddy signed as an in solido obligor nearly two years earlier on August 8, 1983. The proceeds of this note went to the South Peters Street Partnership, which used the proceeds to finance the construction of a parking garage in New Orleans. The note went into default and Northlake sued for its collection. The Orleans Parish Civil District Court rendered judgment against Mr. Leddy in solido with the other debtors in the venture in the amount of $9,683,820.75 plus interest from the date of the judicial demand and attorney's fees of $350,000, together with costs. This judgment for $9,864,639.25 remains unpaid.

Northlake fell on hard times, like many other such institutions, and, as receiver, FSLIC succeeded to all the rights of Northlake on June 18, 1987.

The Leddys were insolvent on May 25, 1985 when they donated the real estate to the trusts and their Northlake obligation was outstanding at the time; on the day of the donation, their assets totaled $106,172. Prior to the donation, Mr. and Mrs. Leddy owned the property at 7611 Crestmont Road, a rental unit at 7001–03 Boston Drive in New Orleans, and a house and lot located in Springfield, Louisiana. In addition to this property, the Leddys only owned a few stocks, their personal belongings and a small amount of cash. As a result, the Leddys were not only insolvent on May 26, 1985, their donation of the Crestmont Road property to the trusts expanded their insolvency.

▊ The parties do not seem to contest[1] the issue of whether under these facts FSLIC has properly stated a revocatory action under La.Civ.Code articles 2036 and 2037.[2] The question before the Court is whether the FSLIC revocatory action which state law creates is barred by Civil Code article 2041 which provides:

> The action of the obligee must be brought within one year from the time he learned, or should have learned of the act, or the result of the failure to act, of the obligor that the obligee seeks to annul, but never after three years from the date of that act or result.

Suit was filed within the three year period, but, arguably, not within the one year period.

Plaintiff contends that FSLIC, as a federal agency, is not subject to state statutes of limitations or peremption provisions absent a waiver of sovereign immunity.[3] In

---

**1.** In its Memorandum, defendants state that the facts as set forth by plaintiffs are "essentially" correct, except those facts which relate to the peremption/prescription question. Further, defendants do not brief the question of whether plaintiff has the right to revoke the donation independently of the peremption/prescription question.

**2.** Article 2036 provides:
> An obligee has a right to annul an act of the obligor, or the result of a failure to act of the obligor, made or effected after the right of the obligee arose, that causes or increases the obligor's insolvency.

Article 2037 defines "insolvency":
> An obligor is insolvent when the total of his liabilities exceeds the total of his fairly appraised assets.

**3.** In this regard, plaintiff contends that even the six year limitations period of 28 U.S.C. § 2415 does not apply to it. Section 2415 provides in part:
> [E]very action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues or with-

their counterattack, defendants urge that article 2041 is not a statute of limitations or prescription provision, but, instead, is a wholly peremptive bar. The subtlety of this distinction is that, in theory, a peremptive mandate informs an essential element of the state revocatory cause of action and, as such, controls over a federal limitations period because, once perempted, the claim at issue no longer exists.[4]

This Court holds that the position of plaintiff is correct and more sound. State statute of limitations periods do not apply to the United States without a waiver of sovereign immunity. *United States v. McReynolds*, 809 F.2d 1047, 1049 (5th Cir. 1986); *United States v. Kellum*, 523 F.2d 1284, 1286 (5th Cir.1975). That is the essence of sovereignty. Further, this Court reads the United States Supreme Court decision in *United States v. Summerlin*, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940) as instructing that the United States is not even subject to state peremption laws—state statutes which provide the period of time in which a cause of action must be enforced or become extinguished.[5] In holding that the United States "still ha[d] its right of action" even though the limitations period in question had expired, the *Summerlin* Court observed:

> When the United States becomes entitled to a claim, acting in its governmental capacity and asserts its claim in that right, it cannot be deemed to have abdicated its governmental authority so as to become subject to a State statute putting

a time limit upon enforcement. [Citation omitted].

"The state court, however, has said that the statute in question is not a statute of limitations, but rather of "nonclaim" for the orderly and expeditious settlement of decedents' estates. Presumably the Court refers to the provision of the statute that if a claim is not filed within the specified period it 'shall be void even though the personal representative has recognized such claim or demand by paying a portion thereof or interest thereon or otherwise.'

If this were a statute merely governing the limits of jurisdiction of a probate court and thus providing that the County Judge should have no jurisdiction to receive or pass upon claims not filed within the eight months, while leaving an opportunity to the United States otherwise to enforce its claim, the authority of the State to impose such a limitation upon its probate court might be conceded. But if the statute, as sustained by the State court, undertakes to invalidate the claim of the United States, so that it can not be enforced at all, because not filed within eight months, we think the statute in this sense transgressed the limits of State power." 60 S.Ct. at 1020–1021.

Furthermore, in *United States v. Kellum, supra*, the Fifth Circuit held that the United States, which sought to enforce a judgment, was not subject to a seven year Mississippi limitations period which acted to "extinguish" the claims of private parties. *Id.* at 1285.[6]

---

in one year after final decisions have been rendered in applicable administrative proceedings required by contract or by law, whichever is later....

Plaintiff argues, alternatively, that the one year period of article 2041 is prescriptive only. Plaintiff further argues that the three year period of article 2041 is peremptive only. The complaint was filed on May 25, 1988 and the donation at issue was made on May 26, 1985, according to plaintiff.

**4.** Defendants assume in this argument that plaintiff is relying on the six year limitations period of 28 U.S.C. § 2415.

**5.** La.Civ.Code Art. 3458 provides:

Peremption is a period of time fixed by law for the existence of a right. Unless timely

exercised, the right is extinguished upon the expiration of the peremptive period.

**6.** Though termed a statute of limitations period by the court, the provision in question, Section 15–1–3 of the Mississippi Code, provided:

The completion of the period of limitation prescribed to bar any action, shall defeat and extinguish the right as well as the remedy. However, the former legal obligation shall be a sufficient consideration to uphold a new promise based thereon.

Section 15–1–43 provided:

All actions founded on any judgment or decree rendered by any court of record in this state, shall be brought within seven years next after the rendition of such judgment or decree, and not after, and an execution shall not

Defendants place heavy reliance upon cases from other circuits to establish that the peremptive effect of Article 2041 should bar plaintiff's revocatory action. Their heaviest ammunition is *United States v. Hartford Accident and Indemnity Co.*, 460 F.2d 17 (9th Cir.1972) in which the Ninth Circuit concluded that the six year limitations period of 28 U.S.C. § 2415 did not prevail over a state statute's application to an action by the United States for recovery from an insurer for the amount expended for medical treatment of the insured. *Id.* at 19. The court held that compliance with California's one year limitations period was "an absolute prerequisite to the accrual of any cause of action ... and does not create a conventional statute of limitations." *Id.* The Ninth Circuit seems to say that state preemption laws do bar federally asserted state causes of action. Although the court noted *Summerlin*, it seemingly ignored language in that decision which clearly states that the United States was not subject to state statutes which specified the amount of time in which an action could be brought, even statutes which extinguished the sovereign's claim. Thus, because *Hartford's* analysis seems precedentially unsound and because *Hartford* is not binding law in the Fifth Circuit, this Court refuses to follow it here.

Defendants also point to *United States v. Republic Ins. Co.*, 775 F.2d 156 (6th Cir.1985) in which the Sixth Circuit said that the one year time period in an insurance contract created an element of the cause of action (conceptually, then, a period of peremption, not limitation) and would control rather than the six year limitations period of 28 U.S.C. § 2415. But *Republic* has no application because it involved the time-barring period of a private contract rather than one created and imposed by

statute. Moreover, "the federal interests in preserving the integrity of contracts" motivated the Sixth Circuit in its decision. *Id.* at 159. This case does not implicate such interests.

Because this Court concludes that plaintiff is not subject to state peremptive laws, it is not necessary to reach the questions of (1) which parts of article 2041 are peremptive or prescriptive [7] and (2) whether plaintiff knew or should have known of the existence of the donation prior to one year before filing suit.

In sum, no material issues of fact are in dispute and plaintiff is entitled to summary judgment as a matter of law on its revocatory action under La.Civ.Code art. 2036. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Zenith Radio Corp. v. Matsushita Electric Industrial Co.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). See also, *Fontenot v. Upjohn Co.*, 780 F.2d 1190 (5th Cir.1986).

Accordingly, for the foregoing reasons, plaintiff's Motion for Summary Judgment is GRANTED. Defendants' Cross-motion for Summary Judgment is DENIED. Judgment for plaintiff, with costs, will be entered setting aside the donation to the trusts. Plaintiff shall submit a form of judgment not inconsistent with this Order and Reasons within five days.

issue on any judgment or decree after seven years from the date of judgment or decree.

**7.** However, article 2041 seems divided into two parts: a one year prescription period and a three year peremption period. The one year part merely is a time-bar for inaction, but, by its terms, the three year part extinguishes for all time one's right to the revocatory action. Thus, the one year period is merely a limitations peri-

od, and state statutes of limitations laws do not, and under our notion of sovereignty, cannot obstruct or prevent the federal assertion of a state-created claim under the case literature of the Supreme Court and the Fifth Circuit referred to in the text. And the three year peremption period does not factually apply in this case. *Compare* La.Civ.Code art. 3447 *with* La. Civ.Code art. 3458.