**UNITED STATES of America, Plaintiff,**

v.

**Richard H. MORGAN, Jr., Defendant.**

Civ. No. 90–73156.

United States District Court,
E.D. Michigan, S.D.

Oct. 21, 1991.

On Motion for Reconsideration
Nov. 14, 1991.

Stephen J. Markman, U.S. Atty. by Pamela J. Thompson, Asst. U.S. Atty., Detroit, Mich., Alexandra E. Nicholaides, U.S. Dept. of Justice, Trial Atty., Tax Div., Washington, D.C., for plaintiff.

John A. Anderson, Michael W. Legg, Bloomfield Hills, Mich., Juanita G. Hughes, Pontiac, Mich., for defendant.

MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

In this case the plaintiff United States has brought this civil action pursuant to 26 U.S.C. § 7401, seeking to reduce to judgment the federal taxes allegedly assessed against the defendant Richard Morgan. The United States seeks to recover the unpaid individual income tax liabilities of the defendant for the tax years of 1977, 1979, 1980, 1981, 1982, 1983, 1984 and 1985. The defendant contends that he never received notices of assessment or demands for payment. The defendant further asserts that the government's claims are barred by the statute of limitations contained in 26 U.S.C. §§ 6501 and 6502. Both parties now bring cross motions for summary judgment.

FACTUAL BACKGROUND

The defendant filed income tax returns for his 1977, 1979, 1980, 1981, 1982, 1983, 1984 and 1985 tax years. Defendant had his 1977 tax return audited. The Internal Revenue Service [IRS] allegedly levied assessments against the defendant in each of the above named years. All of the alleged assessments were made within three years of defendant filing his return except for tax year 1977, where the alleged assessment occurred approximately four years after defendant filed his 1977 tax return.

Defendant submitted an "Offer in Compromise" to the IRS for the relevant tax years of 1977, 1979, 1980, 1981, 1982, 1983, 1984 and 1985 on April 24, 1987. The IRS rejected defendant's offer September 30, 1988. The defendant then submitted a second "Offer in Compromise" to the IRS for the relevant tax years of 1979, 1981, 1982 and 1983 on April 5, 1989. The IRS rejected this second attempt on August 14, 1989. Both offers contain language that tolls the relevant statute of limitations from the moment the taxpayer signs the form until the IRS accepts or rejects. Further, an extra year is added to the time allotment after the IRS accepts or rejects the offer.

The defendant also signed a Form 900 dated April 30, 1986, extending the statutory period of limitations on collection with respect to the 1979 tax year to December 31, 1987.

The government filed its complaint October 23, 1990.

The IRS has lost/destroyed the file containing the assessment time extension for the tax year 1977. The government offers as proof of the extension an IMF NCC Transcript found in the IRS files that covers the defendant's 1977 tax record. The government also offers the affidavit of Alexandra E. Nicholaides who states that "I have been informed by employees of the [IRS] that the entry on the lower half of the first page of the transcript ... means that the assessment statute extension date for the 1977 tax year was extended to September 30, 1982." [1]

## APPLICABLE LAW

Section 6501 of Title 26 states in relevant part:

(a) ... the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed....

(c) ... (4) Where, before the expiration of the time prescribed in this section for the assessment of any tax imposed by this title ... both the Secretary and the taxpayer have consented in writing to its assessment after such time, the tax may

be assessed at any time prior to the expiration of the period agreed upon....

26 U.S.C. § 6501(a) and (c). At the time of the filing of this complaint, section 6502 of Title 26 read in relevant part:

(a) Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in Court, but only if the levy is made or the proceeding begun—

(1) within six years after the assessment of the tax....

26 U.S.C. § 6502(a)(1).

## STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." (Citation omitted.) *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984) (quoting Black's Law Dictionary 881 (6th ed.1979)). The Court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.*, 749 F.2d 1205, 1210–11 (6th Cir.1984).

The movant bears the burden of demonstrating the absence of all genuine issues of material . fact. *See Gregg v. Allen–Bradley Co.*, 801 F.2d 859, 861 (6th Cir. 1986). The initial burden on the movant is not as formidable as some decisions have

---

1. Nicholaides Affidavit at para. 3.

indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact; rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg,* 801 F.2d at 861.

To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986).

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted); *See Catrett,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed. R.Civ.P. 50(a). *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact: the nonmovant must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact.

## ANALYSIS

The defendant claims that he never received notices of assessment or demands for payment. Therefore, defendant states, the government's suit "is procedurally flawed, as no liability exists without appropriate Notice of Assessment and Demand for Payment." However, the Sixth Circuit has conclusively stated that the lack of assessment notice and payment demand does not preclude a civil action against the taxpayer to obtain judgment for the amount due. *United States v. Berman,* 825 F.2d 1053, 1060 (6th Cir.1987). "[N]otice of assessment and demand for payment only would be necessary if the government wanted to proceed *administratively* to collect the tax." *Id.* The court reasoned that the complaint itself is sufficient notice, as once the taxpayer knows of the suit to collect payment, the argument for notice is mooted. *Id.* Therefore, defendant's first affirmative defense is groundless.

Second, the defendant states that there is no proof that the assessments were made properly in the first place, and that, as the assessments were not made in a timely manner, the government's suit is time-barred. This is not true for the 1979 through 1985 tax years for the reasons hereinafter stated.

The government has put forth IRS Certificates of Assessments and Payments that relate to the defendant's tax years 1979 through 1985.[2] Each conclusively shows the date of the assessment to be within the three-year limitation as set out in 26 U.S.C. § 6501. Further, the government has the affidavit of Alexandra Nicholaides who states that the exhibits are "true and correct copies" of the IRS records.[3] As IRS records are given a rebuttable presumption of accuracy, *see United States v. Lorson Electric Co.,* 480 F.2d 554, 556 (2d Cir.1973), and the defendant has not come forth with any hard evidence to show that the assessments were not in fact made, there is little doubt that the IRS records are correct.

The government has also put forth the two "Offers in Compromise" signed by the defendant and rejected by the IRS.[4] The government further has provided a copy of the Form 900 which extended the statute of

---

2. Government Ex. A.

3. Nicholaides Affidavit at para. 2.

4. Government Exs. D and E.

limitations on tax year 1979.[5] The Nicholaides Affidavit attests to their validity.[6] Once the time limits of the tax years 1979 through 1985 are tallied, it is clear that the government has filed a timely complaint with regard to these years.

However, the IRS Certificate of Assessment for 1977 shows that the assessment for this year occurred on May 24, 1982, well beyond the three-year limit. The government states that the statute of limitations was extended to September 30, 1982, by mutual agreement, and offers as proof an IMF NCC computer transcript.[7] Exhibit B has the blurred notation "ASED—093082" in the middle of page one. The Nicholaides Affidavit states that the affiant:

> has been informed by employees of the Internal Revenue Service that the entry on the lower half of the first page of the transcript ... means that the assessment statute extension date for the 1977 tax year was extended to September 30, 1982.[8]

While this may be true, it is not readily apparent from the evidence shown here. A transcript using unintelligible "computerese" along with a hearsay affidavit is not sufficient evidence to justify summary judgment. The Nicholaides Affidavit would not be admissable at trial and should not be admissable here. Cases such as *United States v. Ahrens*, 530 F.2d 781 (8th Cir.1976) are not on point. In *Ahrens*, the court allowed into evidence a postal return receipt form routinely filled out by IRS employees to show that a notice of assessment had been mailed out. Here, there is no admissable evidence that the IMF NCC transcript accurately reflects a log entry that a mutual agreement to extend the statute of limitations has been signed. While secondary evidence is appropriate under Fed.R.Evid. 1004 to show the contents of a document in a tax case, *see United States v. Conry*, 631 F.2d 599, 600 (9th Cir.1980), that secondary evidence must meet the hearsay and "regularly con-

ducted activity" rules. As the government has not conclusively shown that the 1977 tax assessment was made prior to the conclusion of a validly executed mutual extension, this court will not grant summary judgment on that tax year.

### ORDER

For the foregoing reasons, the plaintiff's motion for summary judgment on tax years 1979, 1980, 1981, 1982, 1983, 1984 and 1985 are GRANTED.

For the foregoing reasons, the plaintiff's motion for summary judgment on tax year 1977 is hereby DENIED.

For the foregoing reasons, the defendant's motion for summary judgment is hereby DENIED.

SO ORDERED.

### ON MOTION FOR RECONSIDERATION

On October 21, 1991, this court issued a Memorandum Opinion and Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment and Denying Defendant's Motion for Summary Judgment. Plaintiff has now filed a Motion for Reconsideration and asks this court to review its decision on the 1977 tax year claim. Upon further review, and in light of a new affidavit filed by plaintiff, this court will grant full summary judgment in favor of plaintiff.

### FACTUAL BACKGROUND

The defendant filed income tax returns for his 1977, 1978, 1980, 1981, 1982, 1983, 1984 and 1985 tax years. Defendant had his 1977 tax return audited. The Internal Revenue Service [IRS] allegedly levied assessments against the defendant in each of the above named years. All of the alleged assessments were made within three years of defendant filing his return except for tax year 1977, where the alleged assessment occurred approximately four years after defendant filed his 1977 tax return.

---

5. Government Ex. C.

6. Nicholaides Affidavit at paras. 5 and 6.

7. Government Ex. B.

8. Nicholaides Affidavit at para. 3.

Defendant submitted an "Offer in Compromise" to the IRS for the relevant tax years of 1977, 1979, 1980, 1981, 1982, 1983, 1984 and 1985 on April 24, 1987. The IRS rejected defendant's offer September 30, 1988. The defendant then submitted a second "Offer in Compromise" to the IRS for the relevant tax years of 1979, 1981, 1982 and 1983 on April 5, 1989. The IRS rejected this second attempt on August 14, 1989. Both offers contain language that tolls the relevant statute of limitations from the moment the taxpayer signs the form until the IRS accepts or rejects. Further, an extra year is added to the time allotment after the IRS accepts or rejects the offer.

The defendant also signed a Form 900 dated April 30, 1986, extending the statutory period of limitations on collection with respect to the 1979 tax year to December 31, 1987.

The government filed its complaint October 23, 1990.

The IRS has lost/destroyed the file containing the assessment time extension for the tax year 1977. The government offers as proof of the extension an IMF NCC Transcript found in the IRS files that covers the defendant's 1977 tax record. The government also offers the affidavit of Alexandra E. Nicholaides who states that "I have been informed by employees of the [IRS] that the entry on the lower half of the first page of the transcript ... means that the assessment statute extension date for the 1977 tax year was extended to September 30, 1982."[1] The government further offers the affidavit of Elizabeth Jeanne Patino, the Chief of the Advisory Unit of the Special Procedures Branch of the Collection Division of the Internal Revenue Service, who states that:

> [t]he [IMF NCC] transcript contains an entry on the lower half of the first page that reveals that a code 564 was input. The line beneath the code contains an entry that reads "ASED–093082." This entry means that the assessment statute extension date for the 1977 tax year was extended to September 30, 1982.[2]

## APPLICABLE LAW

Section 6501 of Title 26 states in relevant part:

> (a) ... the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed....

> (c) ... (4) Where, before the expiration of the time prescribed in this section for the assessment of any tax imposed by this title ... both the Secretary and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon....

26 U.S.C. § 6501(a) and (c). At the time of the filing of this complaint, section 6502 of Title 26 read in relevant part:

> (a) Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in Court, but only if the levy is made or the proceeding begun—

> (1) within six years after the assessment of the tax....

26 U.S.C. § 6502(a)(1).

## STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." (Citation omitted.) *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984) (quoting Black's Law

---

**1.** Nicholaides Affidavit at para. 3.

**2.** Patino Affidavit at para. 8.

Dictionary 881 (6th ed. 1979)). The Court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir.1984).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen–Bradley Co.*, 801 F.2d 859, 861 (6th Cir. 1986). The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact; rather, "the burden on the moving party may be discharged by showing—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg*, 801 F.2d at 861.

To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986).

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted); *See Catrett*, 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed. R.Civ.P. 50(a). *Anderson*, 477 U.S. at 250,

106 S.Ct. at 2511. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact: the nonmovant must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact.

## ANALYSIS

■ The defendant claims that he never received notices of assessment or demands for payment. Therefore, defendant states, the government's suit "is procedurally flawed, as no liability exists without appropriate Notice of Assessment and Demand for Payment." However, the Sixth Circuit has conclusively stated that the lack of assessment notice and payment demand does not preclude a civil action against the taxpayer to obtain judgment for the amount due. *United States v. Berman*, 825 F.2d 1053, 1060 (6th Cir.1987). "[N]otice of assessment and demand for payment only would be necessary if the government wanted to proceed *administratively* to collect the tax." *Id.* The court reasoned that the complaint itself is sufficient notice, as once the taxpayer knows of the suit to collect payment, the argument for notice is mooted. *Id.* Therefore, defendant's first affirmative defense is groundless.

■ Second, the defendant states that there is no proof that the assessments were made properly in the first place, and that, as the assessments were not made in a timely manner, the government's suit is time-barred. This is not true for the 1979 through 1985 tax years for the reasons hereinafter stated.

The government has put forth IRS Certificates of Assessments and Payments that relate to the defendant's tax years 1979 through 1985.[3] Each conclusively shows the date of the assessment to be within the three-year limitation as set out in 26 U.S.C. § 6501. Further, the government has the affidavit of Alexandra Nicholaides who states that the exhibits are "true and correct copies" of the IRS

3. Government Ex. A.

records.[4] As IRS records are given a rebuttable presumption of accuracy, *see United States v. Lorson Electric Co.*, 480 F.2d 554, 556 (2d Cir.1973), and the defendant has not come forth with any hard evidence to show that the assessments were not in fact made, there is little doubt that the IRS records are correct.

The government has also put forth the two "Offers in Compromise" signed by the defendant and rejected by the IRS.[5] The government further has provided a copy of the Form 900 which extended the statute of limitations on tax year 1979.[6] The Nicholaides Affidavit attests to their validity.[7] Once the time limits of the tax years 1979 through 1985 are tallied, it is clear that the government has filed a timely complaint with regard to these years.

However, the IRS Certificate of Assessment for 1977 shows that the assessment for this year occurred on May 24, 1982, well beyond the three-year limit. The government states that the statute of limitations was extended to September 30, 1982, by mutual agreement, and offers as proof an IMF NCC computer transcript.[8] Exhibit B has the blurred notation "ASED–093082" in the middle of page one. The Patino Affidavit states that this notation means the "assessment statute extension date for the 1977 tax year was extended to September 30, 1982."[9] The hearsay affidavit of Ms. Nicholaides has been cured by the introduction of the admissable and non-hearsay affidavit of Ms. Patino. Here, the Patino affidavit is admissable evidence to show that the IMF NCC transcript accurately reflects a log entry that a mutual agreement to extend the statute of limitations has been signed. Secondary evidence is appropriate under Fed.R.Evid. 1004 to show the contents of a document in a tax case. *See United States v. Conry*, 631 F.2d 599, 600 (9th Cir.1980). As the government has now met its burden of persuasion, summary judgment as to all claims is appropriate.

### ORDER

For the foregoing reasons, it is ORDERED that plaintiff's Motion for Summary Judgment on all tax year claims be GRANTED.

For the foregoing reasons, it is ORDERED that defendant's Motion for Summary Judgment on all tax year claims be DENIED.

SO ORDERED.

---

4. Nicholaides Affidavit at para. 2.

5. Government Exs. D and E.

6. Government Ex. C.

7. Nicholaides Affidavit at paras. 5 and 6.

8. Government Ex. B.

9. Patino Affidavit at para. 8.