**UNITED STATES of America, Plaintiff,**

**v.**

**Bennie L. RHODES, Defendant.**

**No. 91–74555.**

United States District Court, E.D. Michigan, S.D.

April 3, 1992.

---

**340**

Sheridan V. Holzman, Southfield, Mich., for plaintiff.

Frances A. Hogg, Wayne County Neighborhood Legal Services, Highland Park, Mich., for defendant.

OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

Plaintiff United States of America [the "government"] filed its complaint against defendant Bennie L. Rhodes September 9, 1991, seeking repayment of a certain student loan. Defendant filed his "motion to dismiss, or in the alternative, for summary judgment" February 12, 1992. The government filed its motion for summary judgment March 2, 1992.[1] Because of a service problem, defendant filed a late but timely response March 23, 1992. There has been no response filed by the government.

## FACTS

On February 27, 1973, defendant executed a promissory note to secure a loan of $1,000.00 from the Wayne–Oakland Bank ["lender"] at 7% rate of interest. The loan was guaranteed by the Michigan Higher Education Assistance Authority ["MHEAA"] and was reguaranteed by the United States Department of Education under loan guaranty programs authorized under Title IV–B of the Higher Education Act of 1965. 20 U.S.C. § 1071; 34 C.F.R. Part 682. The terms of the note required repayment beginning 12 months after defendant ceased carrying at least one-half the normal, full-time academic workload. Because defendant had to quit school shortly after February 27, 1973, the loan became due in March of 1974.

According to handwritten figures in the margin of an "interim note" supplied to defendant by the government through discovery, defendant paid back all but $295.16 of the $1,000.00 loan.[2] The government seeks collection of the balance. Defendant asserts that he has already repaid the full amount of the loan. There is no dispute that $704.84 of the loan has been repaid.

The government claims that the lender demanded payment according to the terms of the note 12 months or more after defendant ceased carrying at least one-half the normal academic workload. Defendant states that he is unaware of any collection efforts made by the lender.[3] In either

---

1. The government originally filed its motion for summary judgment February 14, 1992, three days after the dispositive motion cutoff date of February 11, 1992. The government's motion was dismissed without prejudice for failing to seek concurrence pursuant to LR 7.1(a) (E.D.Mich. Jan. 1, 1992). Because this court explicitly allowed the government to filed a second motion for summary judgment after the dispositive motion cutoff date, this opinion and order will treat the government's motion as timely filed.

2. *See* Pl.'s Mot.Ex. A.

3. During discovery, defendant asked the government to produce

(a) ... Any and all evidence of contacts by the Plaintiff or it's [*sic*] agents to Mr. Rhodes regarding the alleged debt, and

(2) ... The ledgers or accounting system employed by Plaintiff to determine how and when payments have been made on the alleged debt.

Def.'s Mot. at para. 6. In response to the discovery request, the government apparently produced the February 27, 1973 interim note, Pl.'s Mot. Ex. A, and three collection letters, the first dated January 19, 1991. Def.'s Mot.Exs. B (dated Jan. 19, 1991), C (dated April 9, 1991) and D (dated June 7, 1991). The government has failed to provide defendant and this court with any documentation that shows that the lender attempted to collect the debt in 1974.

case, the lender filed a claim with the MHEAA for a student loan default. The MHEAA, under the guaranty program then in existence, paid the lender July 1, 1974. The certificate of indebtedness fails to state the amount paid to the lender.[4] The MHEAA was then reimbursed for the claim payment by the government under its guaranty program. On April 5, 1990, the MHEAA assigned all rights and title to the loan to the government.[5]

On July 11, 1985, the school defendant had attended, Allied Careers Institute, dissolved and ceased to exist. Further, on April 1, 1988, the lender dissolved and ceased to exist.

According to the government, as of April 19, 1991, defendant owes the government

| | |
|---|---|
| principal | $295.16 |
| interest to 4/19/91 | 347.15 |
| administrative and collection costs | 87.00 |
| total debt as of 4/19/91 | $729.31 |

## STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (quoting Black's Law Dictionary 881 (6th ed. 1979)) (citation omitted). The Court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.*, 749 F.2d 1205, 1210–11 (6th Cir.1984).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 861 (6th Cir. 1986). The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact; rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg*, 801 F.2d at 861.

To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986),

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

4. *See* Pl.'s Mot.Ex. B.

5. Pl.'s Mot.Ex. C.

(Citations omitted); *See Catrett,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed. R.Civ.P. 50(a). *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact: the nonmovant must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact. *Lucas v. Leaseway Multi Transp. Serv., Inc.,* 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd,* 929 F.2d 701 (6th Cir.1991).

## ANALYSIS

Defendant raises three arguments in support of his motion. First, defendant claims that the debt has been paid. Second, defendant asserts that the government's suit is barred by the equitable doctrine of laches. Third, defendant argues that the government, as assignee of a debt, cannot collect on such debt until all precon-. ditions to that debt are fulfilled. In support of its motion, the government rests on its allegation and supporting documents showing that the debt is still outstanding.

■ Defendant's first argument and the government's argument are both opposing and unsubstantiated. Defendant has failed to produce any documentation that shows that he indeed paid the debt in question. The government has also failed to produce any admissable evidence showing that a debt is still owing. The government points to the interim note and its handwritten notations in the margin to prove that $295.16 of the $1,000.00 debt is still outstanding. However, the handwritten notations are hearsay and therefore inadmissable as evidence to support a motion for summary judgment. *See Turoff v. May Co.,* 531 F.2d 1357, 1362 (6th Cir. 1976); *United States v. Morgan,* 781 F.Supp. 1219, 1220–21 (E.D.Mich.1991); *see also Maryland Highways Contractors*

*Ass'n, Inc. v. Maryland,* 933 F.2d 1246, 1251 (4th Cir.1991); *Garside v. Osco Drug, Inc.,* 895 F.2d 46, 50 (1st Cir.1990); *Randle v. LaSalle Telecommunications, Inc.,* 876 F.2d 563, 570 n. 4 (7th Cir.1989). Further, there is no affidavit authenticating the notations, therefore, the notations do not come under the business record exception to the hearsay rule contained in Fed.R.Ev. 803(6). *See Duplantis v. Shell Offshore, Inc.,* 948 F.2d 187, 192 (5th Cir.1991); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.,* 896 F.2d 1542, 1550–51 (9th Cir.1990); *Martz v. Union Labor Life Ins. Co.,* 757 F.2d 135, 138 (7th Cir.1985). Finally, the other documentation, *i.e.,* the certificate of indebtedness [6] and the assignment of debt,[7] are also conclusory hearsay documents unauthenticated as business records. Because the documentation submitted by the government is wholly inadequate, the government's motion for summary judgment must fail. Additionally, because defendant has failed to produce any documentation that shows that he paid the loan off completely, his motion must also fail under this argument.

■ Defendant next contends that the equitable doctrine of laches bars the government's suit. In order for defendant to prevail on the defense of laches, he must show that

(1) there was an unreasonable delay in bringing the enforcement action, and

(2) the delay materially prejudiced defendant.

*See Wells v. United States Steel & Carnegie Pension Fund, Inc.,* 950 F.2d 1244, 1250 (6th Cir.1991); *MGA, Inc. v. Centri-Spray Corp.,* 639 F.Supp. 1238, 1242 (E.D.Mich.1986). The defense of laches is generally inapplicable against the government. *United States v. Summerlin,* 310 U.S. 414, 416–17, 60 S.Ct. 1019, 1020–21, 84 L.Ed. 1283 (1940); *United States v. Weintraub,* 613 F.2d 612, 619 (6th Cir.1979), *cert. denied,* 447 U.S. 905, 100 S.Ct. 2987, 64 L.Ed.2d 854 (1980); *see also United States v. Menatos,* 925 F.2d 333, 335 (9th Cir.1991). However, exceptions to the rule

---

**6.** Pl.'s Mot.Ex. B.

**7.** Pl.'s Mot.Ex. C.

exist where the government brings an action on a contract where the defense of laches is applicable to the government's predecessor in interest. *United States v. Republic Ins. Co.*, 775 F.2d 156, 159 (6th Cir.1985); *S.E.R. Jobs for Progress, Inc. v. United States*, 759 F.2d 1, 3 (Fed.Cir.1985); *United States v. Zue*, 704 F.Supp. 535, 537 (D.Vt.1988).

The loan was due in 1974, seventeen years before the government attempted to collect debt by bringing the instant suit. This is a blatant and unreasonable delay on the part of the lender and its assignees, the MHEAA and the government. While the government may have known of the debt only since 1991, the government must take as part of its assignment all defenses available against its predecessor assignors. *Republic Ins.*, 775 F.2d at 159.

Further, in that seventeen year span, both the lender and defendant's school dissolved and ceased to exist. This has materially prejudiced defendant because now neither defendant nor the government can locate or authenticate records of the lender. Additionally, any records that defendant may have at one time kept for himself have long been destroyed or discarded. Thus, defendant has clearly established material prejudice regarding his ability to defend in this case and summary judgment should be granted. *Cf. Hoste v. Radio Corp. of Am.*, 654 F.2d 11, 12 (6th Cir.1981) (summary judgment for defendant not appropriate where allegations of prejudice merely raise a genuine issue of material fact); *Zue*, 704 F.Supp. at 537 (summary judgment for government granted where defendant could not establish prejudice to his position).

■ Third, defendant states that the government cannot collect on the debt until all the conditions in the promissory note are met. The interim note states in relevant part

> The Maker, Holder and Guarantor agree to all conditions and obligations as contained in federal or state statutes concerning the guaranteed loan program, including but not limited to repayment and events of default.

Pl.'s Mot.Ex.A. Collection of the loan is regulated by 34 C.F.R. § 682.507, which requires

> (1) A lender [to] exercise due diligence in the collection of a loan with respect to both the borrower and an endorser. In order to exercise due diligence, a lender shall implement the procedures described in the section when a borrower fails to make an installment payment when due.

The regulation goes on to spell out the specific collection techniques that must be followed in order to satisfy due diligence. Here, the government attempts to "enforce rights under a contract, while at the same time, avoid[ing] conditions imposed by the same writing." *Republic Ins.*, 775 F.2d at 159. Defendant asserts that no collection efforts were made by the lender. The government asserts that the lender did indeed pursue collection of the debt. Defendant cannot prove a negative. However, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325, 106 S.Ct. at 2554. Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg*, 801 F.2d at 861. Because the government has failed to produce any evidence of the lender's collection efforts, defendant must prevail on its summary judgment motion.

## ORDER

For the foregoing reasons, it is hereby ORDERED that defendant Bennie L Rhodes' motion for summary judgment is GRANTED.

It is further ORDERED that plaintiff United States of America's motion for summary judgment is DENIED.

SO ORDERED.