992 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William C. COBBS, Defendant-Appellant.
 No. 92-2452.
 United States Court of Appeals, Sixth Circuit.
 May 13, 1993.
 
 Before KENNEDY and SILER, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 William C. Cobbs appeals the summary judgment for the United States in this action filed to recover amounts owed under a federally guaranteed student loan. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The government filed its complaint in the district court alleging that defendant defaulted on promissory notes in the principal amount of $2,000 executed from 1974 to 1976. Defendant moved to dismiss the complaint and the government responded in opposition. Thereafter, the parties filed cross motions for summary judgment. The district court concluded that no genuine issue of material fact existed and granted summary judgment for the government.
 
 
 3
 Generally, a grant of summary judgment will be reviewed do novo on appeal using the same test employed by the district court. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988) (quoting Fed.R.Civ.P. 56(c)). Only factual disputes which may have an effect on the outcome of a lawsuit under substantive law are "material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To be "genuine," a dispute must involve evidence upon which a jury could find for the nonmoving party. Id. The burden is upon the moving party to show that "there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).
 
 
 4
 Upon consideration, we affirm the judgment of the district court for the reasons stated in its order filed September 21, 1992. In particular, we note that the doctrine of laches will not operate to preclude the government's claim under the circumstances of this case. See Wells v. United States Steel & Carnegie Pension Fund, Inc., 950 F.2d 1244, 1250 (6th Cir.1991); United States v. Rhodes, 788 F.Supp. 339, 342-343 (E.D.Mich.1992).
 
 
 5
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.